AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Eleaza Alvarez-Diaz, Hilario Valdez-Campos, Alejandro Zavala-Mendoza, Luis Manuel Alvarez-Sagrero, and Oscar William Pibaque-Mero | ) ) ) ) ) |
| Defendant(s) | |

Case No. 8:21MJ1959CPT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

[handwritten: Beginning a cpt ^] On or about the date(s) of September 18, 2021 in the county of Hillsborough in the Middle District of Florida, the defendant(s) ~~violated~~ [handwritten: will be prosecuted for cpt violations of]:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See affidavit attached.

☑ Continued on the attached sheet.

*Complainant's signature*

SA, George Kissell, DEA
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d)

Date: September 23, 2021

*Judge's signature*

City and state: Tampa, FL

CHRISTOPHER P. TUITE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### Introduction and Agent Background

1. I, George Kissell, am a Special Agent with the United States Drug Enforcement Administration (DEA), and currently assigned to the Tampa District Office. I have been a law enforcement officer for approximately 21 years as a Special Agent with the DEA. During this time, I have served as a Special Agent assigned to the DEA-Miami Field Division. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine, methamphetamine, marijuana etc.

2. Since March 2019, I have been assigned as a Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

## Statutory Authority

3.  This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

   a. ELEAZA ALVAREZ-DIAZ,

   b. HILARIO VALDEZ-CAMPOS,

   c. ALEJANDRO ZAVALA-MENDOZA,

   d. LUIS MANUEL ALVAREZ-SAGRERO, and

   e. OSCAR WILLIAM PIBAQUE-MERO

all of whom are Mexican nationals except for PIBAQUE-MERO, who is an Ecuadorian national, for knowingly and willfully conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and punishable under 21 U.S.C § Section 960(b)(1)(B)(ii).

4.  The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore,

does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The United States Coast Guard has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws. The defendants are currently located in San Diego, California. They are expected to have their initial appearances in the Southern District of California. The defendants are then expected to be transported by law enforcement to Hillsborough County, Florida, for the remainder of their criminal cases.

### Probable Cause

6. On or about September 18, 2021, while on routine patrol in the Eastern Pacific Ocean, a Maritime Patrol Aircraft ("MPA") located a go-fast vessel ("GFV") approximately 270 nautical miles SW of Acapulco, Mexico, in international waters. The United States Coast Guard Cutter ("USCGC") FORREST REDNOUR ("RED") was diverted to investigate the GFV. While USCGC RED closed the distance to the GFV, the MPA spotted a second GFV and both GFVs rendezvoused for approximately 8 minutes. Subsequently, each GFV separated and the first spotted GFV headed east from the rendezvous location. RED launched their Over The Horizon ("OTH") to interdict this GFV. The MPA observed what appeared to be packages jettisoned by the crew from the GFV with the approach of the OTH. Upon the arrival of the OTH, warning shots were expended which were ineffective and followed up with disabling fire which was effective, whereupon the GFV became

3

dead in the water. The boarding team of the Coast Guard Cutter small boat gained control of the GFV without incident.

7. The boarding team on the USCG small boat observed no physical flag flown, no registration documents, no registration number on the hull, no name of the hull, no homeport on the hull, but did observe the marking of "G3" on the port bow. A person in charge ("PIC") of the vessel was identified who made a claim of Mexican nationality for the vessel. The boarding team identified the following crewmembers on board the suspect GFV as **ELEAZA ALVAREZ-DIAZ, HILARIO VALDEZ-CAMPOS, ALEJANDRO ZAVALA-MENDOZA, LUIS MANUEL ALVAREZ-SAGRERO, and OSCAR WILLIAM PIBAQUE-MERO.**

8. Mexican Authorities were unable to confirm or deny Mexican registry for the GFV. The USCG then assimilated the GFV as stateless and subject to the laws of the United States. The USCG boarding team subsequently commenced to conduct a law enforcement boarding of the GFV and proceeded to conduct 2 Narcotic Identification Kit (NIK) tests upon packages on deck in plain sight. These 2 tests yielded positive results for the presumptive presence of cocaine. The RED was authorized to treat the five crew members on board as detainees, and they were subsequently disembarked and transferred to the cutter.

9. The boarding team seized the bales of suspected contraband on the GFV and subsequently transferred it to the cutter. The bales recovered by the USCG boarding team consisted of 55 packages of suspected cocaine weighing a total of

4

approximately 2,300 kilograms (at-sea weight). Upon completion of the authorized boarding, the boarding team disembarked the GFV and returned to the RED.

## Conclusion

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that **ELEAZA ALVAREZ-DIAZ, HILARIO VALDEZ-CAMPOS, ALEJANDRO ZAVALA-MENDOZA, LUIS MANUEL ALVAREZ-SAGRERO, and OSCAR WILLIAM PIBAQUE-MERO**, while aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

George Kissell
Special Agent, DEA

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this _23_ day of September, 2021.

CHRISTOPHER P. TUITE
United States Magistrate Judge

5